CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JESSAKA MENZIE (Bar No. 353060)
(E-Mail: Jessaka_Menzie@fd.org )
CHAD PENNINGTON (Bar No. 354831)
(E-Mail: Chad_Pennington@fd.org)
Deputy Federal Public Defenders
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
MARIO ALBERTO CASTILLO-ORTEGA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:25-CR-261-JGB |
|---|---|
| Plaintiff, | **RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS THE MATTER WITHOUT PREJUDICE** |
| v. | |
| MARIO ALBERTO CASTILLO-ORTEGA, | |
| Defendant. | |

MARIO ALBERTO CASTILLO-ORTEGA, by and through his counsel of record, Deputy Federal Public Defender Jessaka Menzie, hereby files his opposition, in part, to the government's motion to dismiss the case without prejudice. Mr. Castillo-Ortega does not oppose dismissal, but submits that the dismissal should be with prejudice instead. Mr. Castillo-Ortega sought a trial in this case, and his non-appearance is the result of the government's placement of him into immigration custody.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 3, 2025    By  _/s/ Jessaka Menzie_

JESSAKA MENZIE
Deputy Federal Public Defender

## I. INTRODUCTION

This opposition is submitted on behalf of Mr. Castillo-Ortega, who challenges the government's motion to dismiss the criminal complaint without prejudice. Mr. Castillo-Ortega was charged by criminal complaint with a violation of 18 U.S.C. § 111(a)(1), (b) Assault on Federal Officer with a Deadly and Dangerous Weapon, on July 22, 2025. Dkt no. 1. He made his initial appearance in federal court on July 29, 2025, and, after 89 days in custody, was subsequently released on bond by the Court on October 27, 2025. However, before he could be released, Immigration and Customs Enforcement (ICE) detained and deported him, despite the pending criminal proceedings. The government now seeks to dismiss the complaint without prejudice, a remedy that fails to account for the prejudicial impact of its actions on Mr. Castillo-Ortega's constitutional rights.

The defense contends that the dismissal should be with prejudice, as the government's decision to prioritize deportation over prosecution has effectively deprived Mr. Castillo-Ortega of his ability to defend against the charges. A dismissal without prejudice would allow the government to reinstate Mr. Castillo-Ortega's charges at a future time. Mr. Castillo-Ortega agrees dismissal is warranted, but urges the Court to dismiss this matter with prejudice. The government's treatment of Mr. Castillo-Ortega's prosecution, and the unfairness and prejudice he has suffered, should preclude the government from reinstating his charges at a future date. Dismissal is not sufficient here; the government should not be permitted to revive this matter again, as it voluntarily abandoned the criminal prosecution in favor of the immigration proceeding.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 48(a), the government may, with leave of the court, dismiss an indictment, information, or complaint. The rule grants the court discretion to ensure that dismissals are in the interest of justice and do not undermine the fair administration of criminal proceedings. A dismissal without

prejudice allows the government to refile charges, whereas a dismissal with prejudice bars future prosecution for the same offense.

The court's discretion in granting a dismissal with prejudice is typically exercised in cases where there is a gross violation of the defendant's rights, such as a due process violation that is so egregious it shocks the universal sense of justice. This includes situations where the government's actions have effectively deprived the defendant of the ability to defend against the charges, as seen in cases where deportation occurs before the resolution of criminal proceedings.

This position is supported by case law, including United States v. Ferreira-Chavez, No. 1:20-cr-00145-BLW, 2021 WL 602822 (D. Idaho Feb. 12, 2021), United States v. Munoz-Garcia, 455 F. Supp. 3d 915 (2019), United States v. Trujillo-Alvarez, 900 F. Supp. 2d 1167 (D. Or. 2012), and United States v. Monteverde, No. CR 20-00166-TUC-JCH (JR), 2021 WL 5534880 (D. Ariz. Oct. 7, 2021), which collectively illustrate that dismissal with prejudice is appropriate when a defendant's constitutional rights are violated due to government actions.

In addition, dismissal with prejudice is appropriate when the government has engaged in a pattern and practice of not adhering to the criminal process in favor of the immigration proceeding. See, e.g., United States v. Castillo, 537 F. Supp. 3d 120, 131 (D. Mass. 2021) (reasoning that should ICE continue a practice of removing defendants without regard to ongoing criminal proceedings, dismissal with prejudice would be warranted). In light of the executive branch's failure to resolve this ongoing problem and the resulting violations of non-citizen defendants' rights, the Court should exercise its supervisory power to dismiss the Indictment with prejudice. See, e.g., United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir. 1991) ("Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available.").

In summary, the legal standard for dismissing a criminal complaint with prejudice requires careful consideration of the impact on the defendant's rights and the

broader implications for justice. The court must weigh the government's reasons for dismissal against the potential harm to the defendant, ensuring that any decision aligns with principles of fairness and justice.

## III. ARGUMENT

The government's motion to dismiss the complaint without prejudice fails to address the significant prejudice caused to Mr. Castillo-Ortega by his deportation before the resolution of his criminal case. The defense contends that a dismissal with prejudice is warranted due to the government's actions, which have effectively deprived Mr. Castillo-Ortega of his constitutional rights, including his Sixth Amendment right to counsel and his rights under the Speedy Trial Act.

### A.   Violation of Constitutional Rights

The deportation of Mr. Castillo-Ortega has resulted in a clear violation of his constitutional rights. By prioritizing deportation over prosecution, the government has denied Mr. Castillo-Ortega the opportunity to consult with his attorney and prepare an adequate defense. This action infringes upon his Sixth Amendment right to counsel, as he is now unable to participate effectively in his defense or challenge the charges against him. Mr. Castillo-Ortega vehemently denies that he assaulted federal officers and sought a trial in this case.

### B.   Precedent for Dismissal with Prejudice

Ample case law supports dismissal with prejudice under the presented circumstances and the government's abandonment of the criminal process. See United States v. Munoz-Garcia, 455 F. Supp. 3d 915, 925,921 (D. Ariz. 2020) ("The government chose to proceed with the defendant's removal proceeding and deport her from the United States. The result of that choice is that the government abandoned the criminal prosecution. . . . The result of those violations should be a dismissal of the criminal charges with prejudice."); see also Trujillo-Alvarez, 900 F. Supp. 2d at 1181 (supporting dismissal with prejudice when a defendant was removed from the prosecuting district for the purpose of immigration proceedings); United States v. Lutz,

No. CR-19-00692-001-TUC-RM (BGM), 2019 WL 5892827, at *5 (D. Ariz. Nov. 8, 2019) (dismissing an indictment with prejudice where defendant was removed following release on bond because he was unable to consult with counsel). On April 15, 2025, Magistrate Judge Kim in United States v. Aldana-Aldana, 2:25-mj-01421-duty, ECF No. 24 (C.D. Cali. 2025) reached the same conclusion and dismissed the matter with prejudice because ICE immigration custody occurred after release had been ordered pretrial in the criminal matter.

The same principles apply here, as Mr. Castillo-Ortega's deportation has similarly obstructed his ability to mount a defense, necessitating a dismissal with prejudice to prevent further injustice.

## C.    Fundamental Fairness and Judicial Integrity

Allowing the government to dismiss the complaint without prejudice would undermine the principles of fundamental fairness and judicial integrity. The government's actions have already caused significant prejudice to Mr. Castillo-Ortega, and permitting a future prosecution would only compound this injustice. Dismissal with prejudice is necessary to ensure that Mr. Castillo-Ortega is not subjected to further legal jeopardy for the same offense under these circumstances.

## IV. CONCLUSION

In light of the foregoing arguments, it is clear that the government's actions have significantly prejudiced Mr. Castillo-Ortega 's ability to defend himself against the charges. The deportation, executed prior to the resolution of his criminal case, has infringed upon his constitutional rights, including his Sixth Amendment right to counsel and his rights under the Speedy Trial Act. These violations necessitate a dismissal with prejudice to ensure that Mr. Castillo-Ortega is not subjected to further legal jeopardy for the same offense.

The defense respectfully urges the court to recognize the fundamental unfairness of the government's conduct and to uphold the principles of judicial integrity by dismissing the complaint with prejudice. This remedy is essential to prevent future

prosecution under these circumstances and to protect Mr. Castillo-Ortega's constitutional rights. Accordingly, the defense requests that the court grant this motion and dismiss the case with prejudice.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 3, 2025        By  */s/ Jessaka Menzie*

JESSAKA MENZIE
Deputy Federal Public Defender
Attorney for MARIO ALBERTO CASTILLO-ORTEGA

5